# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DANIEL McCAUSLAND, ROBERT
McCAUSLAND, IMAC PROPERTIES, LLC,

     Plaintiffs,

                          Case No. 18-12409

v.                        HON. DENISE PAGE HOOD

CHARTER TOWNSHIP OF CANTON,
CHARLES LAROCQUE, PHILIP LaJOY,
TIMOTHY FAAS, TOEBE CONSTRUCTION,
L.L.C., THOMAS YAAK, MARK HOOK, and
JEFFREY GOULET,

     Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [ECF No. 15]

## I.    INTRODUCTION

On August 3, 2018, Plaintiffs filed a twelve-count Complaint against

Defendants. On September 12, 2018, Plaintiffs filed an First Amended Complaint

("FAC"). On November 11, 2018, Defendant Charter Township of Canton (the

"Township") and a number of its current and former employees and officers[1] filed a

---

[1] The individual Defendants include: Charles Larocque, Staff Engineer for the Township; Jeff Goulet, Township Planner; Thomas Yaak, former Supervisor of (and policy and decision-making official for) the Township; Mark Hook, ordinance officer for the Township; and Tim Faas, Municipal Services Director for the

1

Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) ("Motion to Dismiss:"). Dkt. No. 15.[2] The Motion to Dismiss has been fully briefed. For the reasons that follow, the Court grants in part and denies in part the Motion to Dismiss.

## II.    STATEMENT OF FACTS

Plaintiffs collectively own eighteen (18) separate parcels of land located in the Township, and Plaintiffs have owned property in the Township since the 1970s. In 1975, Plaintiffs Daniel McCausland and Robert McCausland were approved to operate an auto service business at 1981 N. Lotz Road (the "Property"). At that time, the zoning ordinance classified the Property as C-2, Community Commercial. In 1980, the zoning ordinance was amended and the Property was zoned C-3, which caused the auto service business to be classified as a nonconforming use. Plaintiffs were permitted to continue the auto service business as a legal nonconforming use.

In 1992, the Property and some surrounding parcels were re-zoned to Mid-Rise Development ("MRD"), and the Township granted Plaintiffs granted a Class B

_____

Township.

[2]Toebe Construction, Inc. ("Toebe"), an entity with no association to the Township other than as a contractor, also has been named as a Defendant. Toebe has been served with the First Amended Complaint and filed an Answer, but Toebe is not a party to the Motion to Dismiss.

dealer's license the Property in 1994. Several years later, the Township developed a Comprehensive Plan that included the Lotz Road Corridor Development Plan, as Lotz Road was a dirt road. At that time, the Township also developed what came to be known as the "Corporate Overlay District." The Property then became subject to the Corporate Overlay District zoning ordinances, in addition to the MRD zoning ordinances. The Township requires a special use permit for any and every proposed use of land within the Corporate Overlay District. Dkt. No. 4, ¶ 21.

Since the mid-1990s, Plaintiffs have purchase smaller surrounding parcels (comprising the total 18 contiguous parcels) to meet the area requirements for any sort of proposed development in an attempt to make their original few parcels marketable in the only MRD in the Township with Corporate Overlay District requirements, even though the parcels had no water or sewer. Plaintiffs thought they had mitigated any potential losses by assembling the required amount of land area, and they believed the only piece missing was the water and sewer aspect.

In 2016, the Township began the Lotz Road paving project, which was "[a] $5-million project to transform a pothole-riddled, dirt-and-gravel stretch of Lotz Road into a three-lane, concrete road, between Ford and Cherry Hill." The project entailed extending water mains, and Plaintiffs inquired about having the water mains extended to their main property on Lotz Road. Plaintiffs were told by Township Officials that

they had to hire Toebe to do the work, as the project was closed and Toebe was the "preferred contractor." Plaintiffs hired Fairway Engineering to draw the proposed plans for the water main. The original plans by Fairway Engineering were completed in mid-June 2016, but the Township engineer had given Fairway Engineering erroneous information about the storm sewer pipe. The storm sewer pipe was 54" wide, not 24" wide, as the Township engineer stated. This difference required Plaintiffs to alter their plans and inhibited their ability to obtain all requisite approvals by the Township's deadline. Even after Plaintiffs timely submitted their drawings to the Township, the Township delayed approval of the drawings until after the deadline and the Lotz Road paving project was wrapping up. The Township kept $11,500.00 for "project supervision" for the utility extension, even after they quashed the project.

Earlier in 2016, the Township had requested an easement over the Property, a request that Plaintiffs denied. Plaintiffs contend that their denial of the easement request triggered retaliatory actions and exacerbated ill-will from the Township toward Plaintiffs that had been building due to Plaintiffs' history of vocalizing their concern regarding land use and zoning classifications. Plaintiff states that, as a result of the Township's failure to approve the drawings for the utility easement, Plaintiffs' land has been rendered valueless.

In January 2018, the Township filed a four-court complaint in Wayne County

Circuit Court, alleging that Plaintiffs violated: (1) Article 6, Section 6.08 of the Zoning Ordinance (Nuisance Per Se for outdoor storage of vehicles); (2) Article 27, Section 27.08 of the Zoning Ordinance (Nuisance Per Se for failure to apply for site plan approval for numerous parcels); (3) M.C.L. § 125.3208 (Unlawful Expansion of a Legal Non-Conforming Use - Nuisance Per Se); and (4) Chapter 78, Article VII of the Township Code of Ordinances - Property Maintenance Code (for failure to maintain exterior property areas, storing or keeping inoperative or unlicensed vehicles, etc.). Plaintiffs state that surrounding properties have utilized outdoor storage (for example, Home Depot across the street blocks the fire lane with outdoor storage), yet those businesses have not been cited and dragged into the courts as Plaintiffs have. Plaintiffs claim that this shows they have been subjected to selective enforcement by the Township ordinance officer, Defendant Mark Hook, and been subject to the Township's overreaching use of the court system and police powers.

Plaintiffs First Amended Complaint sets forth twelve counts. The first five counts allege federal claims: (a) violation of the Fourteen Amendment Due Process Clause (Count I); (b) the Township's Zoning Ordinance is unconstitutional (Count II); (c) violations of the Fifth Amendment Takings Clause (Count III); (d) violations of the (Fourteenth Amendment) Equal Protection Clause (Count IV); and (e) a conspiracy in violation of 42 U.S.C. § 1986 (Count V). Plaintiffs also have asserted

several state law claims (Counts VI - X), and "Injunction" claim (Count XI), and a

claim for "Costs of Litigation" pursuant to 42 U.S.C. § 1988.

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

Fed.R.Civ.P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis. *Id*.

A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id*.  Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

*Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014).

Defendants assert that their motion constitutes a factual attack. Dkt. No. 15,

PgID 128.  As Defendants state, Plaintiff's allegations need not be presumed true, and

"the court is free to weigh the evidence and satisfy itself as to the existence of its

power to hear the case." *Ritchie*, 15 F.3d at 598. The Court "has wide discretion" to

consider  affidavits  and  documents  "to  arrive  at  the  factual  predicate  that

subject-matter jurisdiction does or does not exist." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir 2007).

## B.     Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint.   Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff.  *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).  As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful.  *Id.* at 556.  Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.   ANALYSIS

Article III of the U.S. Constitution limits federal courts to exercising jurisdiction over actual cases and controversies. *Arnett v. Myers*, 281 F.3d 552, 562

(6th Cir. 2002). "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Id*. Defendants argue that Plaintiffs' federal claims are not ripe, in particular the Fifth Amendment Takings Clause claim in Count III, a claim that Defendants assert is the basis for all of Plaintiffs' federal claims.

## A.  Count III - Federal Takings Clause Claim

Defendants argue that Plaintiffs' federal taking claim is not ripe because it does not satisfy the criteria set forth in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985).  In *Williamson*, the Court held that a plaintiff alleging a federal takings claim must establish ripeness by demonstrating:

(1)     that "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue; and

(2)     that if the state had a "reasonable, certain and adequate provision for obtaining [just] compensation . . . at the time of the taking," just compensation was sought by – and denied to – the applicant through that procedure.

*Arnett*, 281 F.3d at 562 (quoting *Williamson*, 473 U.S. at 186, 194).  Unless both of those criteria are satisfied, the takings action cannot be considered complete and ripe for review. *Arnett*, 381 F.3d at 562.  "A court cannot determine whether a regulation has gone 'too far' unless it knows how far the regulation goes," and cannot determine whether compensation is just "until it knows what, if any, compensation" the

government intends to provide. *MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, 348-350 (1986).

Defendants first assert there has not been any adverse final decision on any Township zoning ordinance request by Plaintiffs. Defendants state that every zoning application to the Township by Plaintiffs has been resolved in a manner favorable to Plaintiffs. And, it is undisputed that there is no pending zoning request made by Plaintiffs upon which the Township must act. Defendants therefore argue that, as the Complaint does not reflect that Plaintiffs have received from the Township a "final, definitive position regarding how it will apply the regulations at issue to the particular land in question" that is adverse to Plaintiffs, Plaintiffs cannot have a ripe takings (or other federal) claim. *MacDonald*, 477 U.S. at 351 (citing *Williamson*, 473 US at 191).

Defendants also argue that Plaintiffs have failed to allege the second element of *Williamson* that requires that Plaintiffs pursue their takings claim in state court before asserting it in federal court. Defendants claim that Michigan law parallels *Williamson* in requiring that a final decision implicating a taking must be obtained from a governmental entity, and the state's just compensation procedures must first be utilized to seek just compensation, before a federal taking claim may be pursued. *Electro-Tech, Inc. v. H.F Campbell Co.*, 433 Mich. 57, 62 (1989). Defendants contend, and it is uncontested by Plaintiffs, that the First Amended Complaint does

not contain any allegations that Plaintiffs availed themselves of pursuing any action in state court before filing this case.

Plaintiffs do not address or refute Defendants' *Williamson* arguments, essentially conceding that, if *Williamson* analysis is appropriate, Defendants are entitled to dismissal of Plaintiff's Fifth Amendment Takings Clause claim (Count III).[3] Plaintiffs argue instead that a "takings claim that challenges the constitutionality of an ordinance is ripe when the ordinance, as enacted, deprives an owner of viable economic use of his or her property." Dkt. No. 17, PgID 280 (citing *Hodel v. Virginia Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 297 (1981) (claim is ripe if the regulation on its face if it "deprived [Plaintiffs] of economically viable use of their property")). With respect to Plaintiffs' taking claim in Count III, however, the Court concludes that Plaintiffs' federal taking claim is an as-applied challenge, not a facial challenge. All of Plaintiffs' takings claim allegations, specifically related to Defendants denying Plaintiffs the economic viability of the Property, appear to stem from Defendants' conduct pursuant to the zoning ordinances, not the mere enactment or existence of those ordinances. *See* Dkt. No. 4, ¶¶ 40, 42, 84, 89 (the paragraphs in which the terms economic viability or use, or some variation – is used). Defendants'

---

[3]Defendants never directly challenge Plaintiffs' state law takings claim in Count VII.

Motion to Dismiss is granted as to Count III.

**B.     Counts I, II, IV and V**

Defendant next argues that, if an as-applied regulatory takings claim is joined with due process and equal protection claims related to the alleged regulatory taking, those claims must also satisfy *Williamson*, including the requirement of a final decision. *Community Treatment Centers, Inc. v. City of Westland*, 970 F.Supp. 1197, 1210-1211 (E.D. Mich. 1997) (citing *Seguin v. City of Sterling Heights*, 968 F2d 584, 588 (6th Cir. 1992)).  Defendants contend that, since Count I, II, IV, V, and XII (discussed below) are all ancillary to Plaintiffs' takings claim, they are not ripe and should be dismissed for lack of subject matter jurisdiction.

Defendants argue that: (a) Count I alleges multiple constitutional claims under the Fourteenth Amendment Due Process Clause that, at its core, appear to derive from Plaintiffs' federal takings claim (citing Dkt. No. 4, ¶¶ 54, 55, 63); (b) Count II appears to assert a substantive due process claim regarding the Township's allegedly unconstitutional zoning ordinance that is derivative of Plaintiffs' federal takings claim (citing Dkt. No. 4, ¶¶ 73, 76); (c) Count IV reflects a continued pattern of Plaintiffs' takings allegations in claiming that Defendants violated the Equal Protection Clause (citing Dkt. No. 4, ¶ 89); and (d) Count V, a violation of 42 U.S.C. § 1986, only vaguely and very briefly alleges a conspiracy with reference to the prior counts, which

(as set forth above) Defendants contend are based on Plaintiffs' takings claim (citing Dkt. No. 4, ¶ 95). Defendants conclude this argument by suggesting that Paragraph 43 of the First Amendment Complaint ties all five of those federal claims together under the takings clause. That paragraph alleges:

> 43. The actions of Defendants, which continue to this day, violated and continue to violate Plaintiffs' rights to procedural due process, substantive due process and equal protection under the laws, constitute an unlawful prior restraint of speech and unlawful retaliation for Plaintiffs' exercise of their First Amendment unlawfully harassing and coercive, and constitute an unconstitutional and unlawful taking of Plaintiffs' property.

Dkt. No. 4, ¶43.

Plaintiffs recognize that Defendants attempt to invalidate Plaintiffs' other federal claims as unripe by lumping all of the counts together as takings claims. Plaintiffs counter that, even if the takings claim is unripe, Plaintiffs' other claims are ripe because they are challenging an unlawful zoning ordinance and that alone makes substantive and procedural due process claims – as well as an equal protection claim – ripe. *Jacobs & Sons v. Saginaw Cnty Dep't of Pub. Health*, 284 F.Supp.2d 711, 717-18 (E.D. Mich. 2003) (a claim is ripe if it challenges the existence or enactment of an ordinance). Plaintiffs contend that, because they are making a facial challenge to the regulations promulgated by the Township, their claims are ripe even in the absence of enforcement by the Township, as claims that a regulation is unconstitutional on its

face is ripe when the regulation is enacted. Citing *Suitum v. Tahoe Regional Planning Agency*, 520 U.S. 725, 736 (1997); *Hodel*, 452 U.S. at 297 (claim is ripe if the regulation on its face if it "deprived [Plaintiffs] of economically viable use of their property").

Plaintiffs state that their First Amended Complaint alleges that the Township's requirement that Plaintiff obtain a special use permit for any proposed use in an MRD or Corporate Overlay District (the approval of which is entirely within the Township's discretion) does not clearly advise a resident what is or is not permitted. Citing Dkt. No. 4, ¶¶ 20, 21, 44, 69. Plaintiffs allege that they are the only property owners in the Township in a MRD zone, Dkt. No. 4, ¶ 20 – and are subject to the Corporate Overlay District that cannot be rezoned. Plaintiffs have alleged that Defendants have used the ordinances to retaliate against them for years of disputes regarding Plaintiffs' parcels.

### 1. Count I (Procedural Due Process)

Plaintiffs assert that their procedural due process claim is ripe because the Township failed to provide them with notice of its proposed action and an opportunity to be heard before depriving Plaintiffs of their property. *Paterek v. Village of Armada*, 801 F.3d 630, 649 (6th Cir. 2015). *See also Nasierowski Bros. Inv. Co. v. Sterling Heights*, 949 F.2d 890, 894 (6th Cir. 1991) ("A procedural due process claim is instantly recognizable in federal court without requiring a final decision on a proposed

development from the responsible municipal agency."). A claimed injury that is based on a municipality's process does not require that the municipality make a final determination or that the plaintiff exhaust its remedies. *Id.*

Plaintiffs contend that they have alleged facts regarding the Township's process, including that numerous Defendants "intentionally provided false information to Plaintiffs' engineers, and subsequently delayed internal approvals . . ." and "The policies and actions of Defendants were based on considerations other than those proper to the good-faith administration of justice. . ." Dkt. No. 4, ¶¶ 56, 60. Defendants counter that *Nasierowski*, where the issue was that the City Council improperly rezoned property in an executive session without a hearing, is inapplicable in this case because the plaintiff in *Nasierowski* "did not allege an unconstitutional "taking' of his property," as Defendants insist is the issue here. *Id*. at 893.

### 2. *Count II (Substantive Due Process)*

In their response brief, Plaintiffs argue that Township Ordinance 19.03(B) requires site approval for all uses in an MRD district. *See* Dkt. No. 4, ¶ 21 (In the Complaint, ¶ 21 does not specify Township Ordinance 19.03(B), nor is that ordinance number mentioned anywhere in the First Amended Complaint). Plaintiffs argue that giving local officials that degree of improper – or unbridled – discretion is unconstitutional and injunctive relief is appropriate when there are vague and

indefinite guidelines. Citing *15192 Thirteen Mile Rd., Inc. v. Warren*, 626 F.Supp. 803, 821 (E.D. Mich. 1985). Defendants suggest that Count II is a takings claim, but Plaintiffs assert that it is based on the breadth of authority granted to Township officials. Citing Dkt. No. 4, ¶ 21. For this reason, Plaintiffs argue that Township Ordinance 19.03(B) is unconstitutional on its face.

Defendants argue that Plaintiffs' substantive due process claim must be dismissed because Plaintiffs have alleged that it is an "as-applied" claim subject to *Williamson County's* ripeness rule. (Citing Dkt. No. 4, ¶ 73 ("Neither the MRD, nor the Corporate Overlay Districts are constitutional as applied to Plaintiffs' Properties"); ¶ 75 ("Neither the MRD [and] the Corporate Overlay District as applied to Plaintiffs' Properties are arbitrary and unreasonable . . .")). Defendants state that the one paragraph that could be interpreted as asserting a facial challenge is conclusory and lacking in underlying factual allegations. (Citing Dkt. No. 4, ¶ 74 ("The Corporate Overlay District is unconstitutionally void [for] vagueness")).

Defendants contend that, even if Plaintiffs have sufficiently alleged a facial challenge, it is still not ripe because Plaintiffs never applied to rezone their property or obtain any special land use application that has ben denied. Citing *Hendee v. Putnam Twp*., 486 Mich. 556, 573-74 (2010) ("in the absence of an express prohibition of a lawful land use within the ordinance itself, the issue of the

ordinance's exclusionary effect, or the absence of it, will not be ripe for consideration by the courts until the township has been afforded the opportunity to make that determination."). Defendants further contend that Plaintiffs fail to state a substantive due process claim because Plaintiffs have not alleged that they have commenced any construction of utilities on their undeveloped parcels, something that is required to vest a protected property right. *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992); *Schubiner v. West Bloomfield Twp*, 133 Mich.App.490, 500 (1984).

### 3. *Count IV (Equal Protection Claim)*

Plaintiffs rely on *Neuenfeldt v. Williams Twp.*, 356 F.Supp.2d 770, 775 (E.D. Mich. 2005), to argue that a viable equal protection claim exists when there is evidence of ill-will by a municipality against a plaintiff, even if the plaintiff has not pursued any remedies in state court. In *Neuenfeldt*, the court noted that no taking had been alleged (and, in fact, the plaintiff had stated adequate facts to establish that his claims did not arise under the Fifth Amendment's Taking Claus) and held the plaintiff could proceed on his claim of "unequal treatment and arbitrary application of the . . . ordinance." *Id.* at 776.

Plaintiffs state that Defendants violated Plaintiffs' equal protection rights when Defendants denied Plaintiffs the ability to connect to the Township's water and sewer

systems (as others did), not permitting Plaintiffs to use their property for outdoor storage (and fining Plaintiffs) while allowing other neighboring businesses to store items outside. Dkt. No. 4, ¶¶ 30, 35-39, 89-91.  Plaintiffs also note that Township officials (Defendants) have treated them with ill-will, including making disparaging comments and arbitrary treatment. Dkt. No. 4,  ¶¶ 31, 33, 40, 49-50.

4.    *Count V (Conspiracy)*

Defendants believe Count V must be dismissed for two reasons.  First, because all of the underlying claims upon which it was based should be dismissed as unripe. Second, Defendants contend that Plaintiffs fail to state a claim of conspiracy. 42 U.S.C. §1986 is intended to "punish those who aid and abet violations of [§]1985," which means there can be no violation of 42 U.S.C. §1986 without a violation of 42 U.S.C. §1985. *Browder v. Tipton*, 630 F.3d 1149, 1155 (6th Cir 1980).  "The Supreme Court requires that a §1985 claim contain allegations of 'class-based, invidiously discriminatory animus.'" *Webb v. United States*, 789 F.3d 647, 672 (2015) (quoting *Griffin v. Breckenridge*, 403 US 88, 102 (1971)).  As Plaintiffs do not allege that they are members of a protected class, instead (according to Defendants) claiming only that they have been subjected to "animus and ill-will," Defendants contend that the Court should dismiss Count V for failure to state a claim under 42 U.S.C. §1985 or §1986.

5.    *Conclusion*

The Court finds that Defendants' interpretation of Plaintiffs' allegations *vis a vis* Counts I, II, IV, and V of the First Amended Complaint is too limited. As noted above, Plaintiffs have alleged that Defendants have deprived Plaintiffs of a viable economic use of the Property, allegations that have been found sufficient to support an equal protection claim. *See Neuenfeldt, supra*. Plaintiffs have alleged that the Corporate Overlay District is unconstitutionally vague and alleged that Township Ordinance 19.03(B) is unconstitutionally vague on its face, as it gives the Township unbridled discretion. For these reasons, the Court denies Defendants' motion as it relates to the conspiracy claim in Count V – and their arguments related to the ripeness and plausability of Counts I, II, and IV. *See Jacobs, supra*.

### C.    Counts XI (Injunction) and  XII (Costs of Litigation)

Plaintiff's request for injunctive relief in Count XI (Injunction) must be dismissed because injunctive relief is a remedy and not an independent cause of action. *Terlecki v. Stewart*, 278 Mich.App. 644, 663 (2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action."). "It is not the remedy that supports the cause of action, but rather the cause of action that supports a remedy." *Henry v. Dow Chem. Co.*, 473 Mich. 63, 96–97 (2005).   As Count XI (Injunction) does not constitute an independent cause of action, it is dismissed.

Defendants correctly argue that Count XII (Costs of Litigation) is not a cause

of action but, instead, relief to which Plaintiffs may be entitled if they are successful on their claims in this Court. As "Costs of Litigation" does not constitute an independent cause of action, Count XII is dismissed. *See, e.g., North Carolina Dept. of Transp. v. Crest Street Community Council, Inc.*, 479 U.S. 6, 12-16 (1986).

Although Counts XI and XII are dismissed as causes of action, in their claims for relief, Plaintiffs have requested the issuance of an injunction and/or an award of costs of litigation and may still pursue injunctive relief and their costs of litigation.

## D.    Abstention

In the event Plaintiffs' federal claims are not dismissed as unripe (or for failure to state a claim), Defendants suggest that the Court should abstain from exercising subject matter jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and/or *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800 (1976). It is undisputed that there is a pending state court action being litigated in Wayne County Circuit Court. In that case, the Township has asserted four claims against the named Plaintiffs in this case: (1) violation of Article 6, Section 6.08 of the Zoning Ordinance (Nuisance Per Se for outdoor storage of vehicles); (2) Violation of Article 27, Section 27.08 of the Zoning Ordinance (Nuisance Per Se for failure to apply for site plan approval for numerous parcels); (3) violation of M.C.L. § 125.3208 (Unlawful Expansion of a Legal Non-Conforming Use - Nuisance Per Se); and (4) Violation of

Chapter 78, Article VII of the Township Code of Ordinances - Property Maintenance Code (for failure to maintain exterior property areas, storing or keeping inoperative or unlicensed vehicles, etc.).

"*Younger* abstention applies when the state proceeding (1) is currently pending; (2) involves an important state interest; and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mt. Clemens*, 139 F.3d 1072, 1074 (6 th Cir. 1998). Defendants argue that cases involving enforcement of municipal land use policy and zoning ordinances are recognized as especially appropriate for abstention, as a municipality has "a substantial interest in enforcing its zoning laws without federal interference in the state's administrative processes." *Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 791 (6th Cir. 2004). Defendants believe that, because the instant case involves enforcement of a zoning ordinance and implicates both: (1) the active state court nuisance proceeding, and (2) state just compensation procedures (not yet utilized by Plaintiffs), abstention is warranted.

Plaintiffs contend that *Younger* abstention is not appropriate in this case, where they have alleged constitutional violations that arise out of different factual circumstances than are being litigated in Wayne County Circuit Court, such that any decision here will not conflict with the state court's findings. Citing *Dubuc v. Green*

*Oak Twp.*, 810 F.Supp. 867, 870 (E.D. Mich. 1992). Plaintiffs argue that the state court litigation centers on whether Plaintiffs have violated local ordinances, whereas Plaintiffs' claims are focused on whether the MRD and Corporate Overlay District classifications are constitutional. Plaintiffs also state that they have alleged several causes of action that will not be addressed in the state court litigation; specifically, Counts I (Due Process Violations), IV (Equal Protection Violations), IX (Defamation), and X (Tortious Interference with Business Relations).

Plaintiffs contend that *Colorado River* abstention is not warranted in this case because their claims are not parallel to the claims made by the Township in the state court litigation. *Inrecon, LLC v. Highlands Ins. Co.*, 284 F.Supp.2d 773, 778 (E.D. Mich. 2003) ("The appropriate consideration is whether the two cases are currently parallel, not whether one could be modified so as to make the cases identical" and a case is not parallel when the claims allege entirely different causes of action). Plaintiffs contend that the constitutional rights claims in this case are distinct from the ordinance enforcement claims in the state court litigation. Defendants contend the cases are parallel. Defendants state that the parties are identical (other than the additional individual Defendants name in this case – except that Toebe Construction, Inc. is a different, unrelated party) and "a comparison of the statement of facts [in the two cases] reveals that they draw upon the same facts."

The Court finds that Plaintiffs' position is supported. Although many of the same facts are discussed in both complaints, the claims brought by the Township are for non-compliance with Township ordinances. The Court notes that most, if not all, of the ordinances the Township seeks to enforce in the Wayne County Circuit Court litigation are not at issue in this case.

Plaintiffs state that the eight factors to be addressed weigh against abstention under the *Colorado River* doctrine. The factors are:

> (1) whether federal or state law provides the basis for decision of the case; (2) whether the federal forum is less convenient to the parties; (3) whether there would be piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Dunn v. Daniel S. Gross & Assocs., PLC*, 2018 WL 583077, at *3 (E.D. Mich. 2018) (citing *Colorado River*, 424 U.S. at 818-19; *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6 th Cir. 1998)).

Contrary to Defendants' suggestion that the operative law in this case is state law, the Court finds that Plaintiffs' allegations in Counts I-V are based on federal law and require interpretation of rights under the U.S. Constitution. It is equally convenient for Defendants to litigate in federal court as in state court as both courts are within blocks of each other in Detroit. The Court finds that it is not clear that

proceeding with this action would result in piecemeal litigation, as there are no claims that could result in inconsistent rulings (other than perhaps the mandamus claim in Count VIII). It is true that the state court action was filed first and discovery has commenced in that action but not in this one. Plaintiffs could raise some of their federal constitutional claims as defenses in the state court action, but they also are appropriately filed here.

The Court denies Defendants' proposal that the Court invoke the *Younger* or *Colorado River* doctrines to abstain from exercising jurisdiction over Plaintiffs' cause of action. As the *Colorado River* court stated, the general rule is that "the pendency of an action in state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Colorado River*, 424 U.S. at 817 (quoting *McClelland v. Carland*, 217 U.S. 268, 282 (1910)). The Court concludes that this federal court is the most appropriate forum to determine the federal constitutional law issues – whether the Township ordinances are valid under the U.S. Constitution. The Court also finds that its rulings will not affect the state court's ability to determine whether Plaintiffs violated the terms of the Township ordinances, even if the Court invalidates the Township ordinances such that they cannot be enforced against Plaintiffs.

## D.     Supplemental Jurisdiction over State Law Claims

Defendants argue that, absent a viable federal claim, supplemental jurisdiction over Plaintiffs' state law claims (Counts VI-XI) should be declined. Other than Count XI (Injunction), which should be dismissed as discussed above, Defendants do not offer any other basis for dismissal of Plaintiffs' state law claims (even the state law takings claim in Count VI). As the Court has concluded that several of Plaintiffs' federal claims should remain, the Court retains supplemental jurisdiction over Plaintiffs' state law claims in Counts VI-X.

## V. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendant's Motion to Dismiss [Dkt. No. 15] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Counts III (Federal Takings Claim), Count XI (Injunction), and Count XII (Costs of Litigation) are DISMISSED.

IT IS FURTHER ORDERED that the Court RETAINS JURISDICTION over

Counts I, II, and IV-X.

IT IS ORDERED.

                                    s/Denise Page Hood
Dated: September 30, 2019           DENISE PAGE HOOD
                                    UNITED STATES DISTRICT JUDGE