## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DANIEL McCAUSLAND, ROBERT
McCAUSLAND, IMAC PROPERTIES, LLC,

      Plaintiffs,

                              Case No. 18-12409

v.                              HON. DENISE PAGE HOOD

CHARTER TOWNSHIP OF CANTON,
CHARLES LAROCQUE, TIMOTHY FAAS,
TOEBE CONSTRUCTION, L.L.C.,
THOMAS YAAK, MARK HOOK, and
JEFFREY GOULET,

      Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION TO AMEND
## JUDGMENT PURSUANT TO RULE 59(e) [ECF No. 82]

## I.    INTRODUCTION

On August 3, 2018, Plaintiffs filed a twelve-count Complaint against Defendants.  Pursuant to a motion to dismiss filed by Defendant Charter Township of Canton (the "Township") and a number of its current and former employees and officers (collectively, the "Canton Defendants"), the Court dismissed five Counts of Plaintiffs' First Amended Complaint.  On October 24, 2022, after granting the Defendants' motions for summary judgment, the Court dismissed the remaining Counts of Plaintiffs' First Amended Complaint. ECF No. 80.

On November 18, 2022, Plaintiffs filed a Motion to Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 82.  On December 7, 2022, the Court ordered Defendants to file a response to that Motion to Amend Judgment, ECF No. 85. Defendants timely filed responses. ECF Nos. 86, 87.

## II.    BACKGROUND

The background of this case previously was set forth in the Court's October 24, 2022 Order (ECF No. 80) and, in the words of Plaintiffs, "fairly accurately restated the facts." ECF No. 82, PageID.2283.   The Court incorporates the background section of the October 24, 2022 Order in this Order.

## III.   LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a district court will reconsider a prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003).   Judgment also may be altered or amended when necessary "to prevent manifest injustice." *Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). *See also Gen Truck Drivers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999).

2

## IV.    ANALYSIS

Plaintiffs do not argue that there is any newly discovered evidence or an intervening change in controlling law.  Plaintiffs must demonstrate that the Court's decision(s) constituted a clear error of law.  The Court finds that Plaintiffs have not met their burden of showing that the judgment should be altered or amended.

### A.    Toebe as Agent of Township

Plaintiffs contend that the Court erred in determining that Defendant Toebe Construction, Inc. ("Toebe") was not an agent of the Township.  Plaintiffs assert that "[t]he Federal Rules of Civil Procedure uses a notice based pleading system [and that] Plaintiffs provided adequate notice of the claims against Toebe to withstand summary judgment." ECF No. 82, PageID.2285.  To support that contention, Plaintiffs state that "Toebe was the preferred contractor for the Lotz Road paving project . . . [and] [a]s a result, Defendant Canton Township *mandated* that Toebe had to be the contractor that installed the utilities for" Plaintiffs." *Id.* (emphasis in original; citation omitted).

The Court notes that, as in their response to Toebe's motion for summary judgment, Plaintiffs do not provide any evidence to: (a) support their contention that the Township mandated that Toebe had to be the contractor; or (b) explain how Toebe is a state actor for purposes of constitutional law.  The Township

3

represents that Toebe was a contractor for Wayne County, not the Township; Plaintiffs offer no explanation why a "preferred contractor" is to a "mandated" contractor.  Plaintiffs also fail to cite any case or legal authority to support their allegations that Toebe, a private corporation, is a state actor.  The Court denies Plaintiffs' argument that the Court clearly erred in determining that there is no evidence to support a finding that Toebe was a state actor.

### B.    Discovery

Plaintiffs argue that the Court should not have granted Toebe's motion for summary judgment without providing Plaintiffs with a full opportunity to conduct discovery.  Plaintiff asserts that the Court "made a critical factual error when it determined . . . that Plaintiffs did have time to conduct depositions [of Toebe employees and agents] prior to the [m]otion" for summary judgment filed by Toebe. ECF No. 82, PageID.2285 (citing ECF No. 80, PageID.2257).

The Court finds Plaintiffs argument lacking for several reasons.  First, the Court did not find that Plaintiffs had time to conduct depositions of Toebe employees and agents prior to the motion for summary judgment.  Rather, the Court stated, "At the hearing, however, Plaintiffs conceded that they had an opportunity to conduct depositions prior to the hearing." ECF No. 80, PageID.2257 (emphasis added).  Second, Plaintiffs argue that Toebe evaded deposition, but they

only claim that Toebe did so prior to filing the motion for summary judgment. Plaintiffs say nothing about the three-month period that transpired between the time the motion was filed and the hearing was held. It is undisputed that Plaintiffs deposed Township employees and representatives during that three-month period. Third, the last scheduling order provided that the discovery deadline was July 26, 2021 (after an 18 month discovery period). Plaintiffs did not file a Motion to Compel Discovery related to Toebe depositions until September 10, 2021, which was six weeks after the discovery deadline and two weeks after the summary judgment motions were filed.

For the reasons stated above, the Court concludes that Plaintiffs had sufficient opportunity to depose Toebe employees and representatives. The Court did not err in reaching that conclusion.

### C. Protected Property Interest

Plaintiffs insist that the Court erred when it held that Plaintiffs had not established a protected property interest to support a procedural or substantive due process violation. Plaintiffs assert that the Court misapplied *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997), because Plaintiffs cited numerous examples in the record to support their claims, many of which Plaintiffs cite in the instant motion. *See* ECF No. 82, PageID.2288-89. The Court notes that Plaintiffs

generally make allegations (which would be sufficient for purposes of surviving a Rule 12(b)(6) motion), but Plaintiffs have not submitted evidence to support their claim, as is required to survive a Rule 56 motion.

Even if the Court accepts all of Plaintiffs' contentions in the instant motion, Plaintiffs fail to address the most critical deficiency plaguing their due process claims. As the Court stated in the October 24, 2022 Order, "Plaintiffs did not dispute that they have not had any special land use permits denied, and they concede that the decisions on the special land uses are discretionary. Where the grant of desired approvals is discretionary, no protected property right exists." ECF No. 80, PageID.2260-61 (citing *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.3d 1031, 1036 (6th Cir. 1992)).

In the instant motion, as in their responses to the summary judgment motions, Plaintiffs offer no evidence that a permit was issued or that substantial construction had commenced, which is required. *See Seguin v. City of Sterling Heights*, 968 F.2d 584, 591 (6th Cir. 1992). Plaintiffs also fail to challenge that the Township's review of special land uses is discretionary.

For the foregoing reasons, the Court finds that the record does not support Plaintiffs' contentions that: (a) they had a protected property interest; and (b) the Court erred in failing to conclude Plaintiffs had such an interest.

### D.    Manifest Injustice

Plaintiffs suggest that manifest injustice has resulted from the Court's dismissal of its action; specifically, Plaintiffs express concern about their state law claims. Plaintiffs maintain that they can no longer file the state law claims in state court because they are now time barred. The Court rejects this argument because the Court addressed each of Plaintiffs' state law claims in the October 24, 2022 Order and dismissed all of the state law claims on the merits, not as supplemental claims. As the state law claims were decided on the merits, any effort by Plaintiffs to refile those claims would be futile because they would be barred by *res judicata*. *See, e.g., Wheeler v. Dayton Police Dept.*, 807 F.3d 764, 766 (6th Cir. 2015).

## V.    CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiffs' Motion to Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), ECF No. 82, is DENIED.

Date: April 28, 2023                    s/Denise Page Hood
                                        DENISE PAGE HOOD
                                        UNITED STATES DISTRICT JUDGE